# Becker|Glynn

BECKER, GLYNN, MUFFLY, CHASSIN & HOSINSKI LLP

ATTORNEYS AND COUNSELORS AT LAW

299 Park Avenue
New York, New York 10171

Telephone (212) 888-3033
Facsimile (212) 888-0255
www.beckerglynn.com

Robert C. Muffly
Richard N. Chassin
Peter M. Hosinski
Robin L. Alperstein
Richard S. Bashner
Michael J. Dougherty
Bonnie Klugman
Eric D. Kuhn
Zeb Landsman
Stacey A. Mesler
Patrick J. O'Brien
Alec P. Ostrow
David W. Schaaf
Rachel Korn Wasserman

COUNSEL
Karin P. E. Gustafson
Jordan E. Stern

OF COUNSEL
Joseph D. Becker
Chester B. Salomon
Kenneth J. Stuart

Harold J. G. Brunink
Jesse T. Conan
Jessica A. Dorfman
Sarah Schachne Hirschfeld
Michael D. Margulies
Andrea Marquez-Bottome
Michelle R. Mufich
William H. Newman
Anne N. Smith

Robert B. Glynn (1929-2002)
David J. Melamed (1930-1990)

October 29, 2014

**Filed Via ECF**
Hon. Dora L. Irizzary
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:    Lemonis v. A. Stein Meats (C.A. No. 14cv3073)

Dear Judge Irizzary:

We represent defendants A. Stein Meats ("A. Stein"), Alan Buxbaum and Howard Mora (collectively, the "A. Stein Defendants").  We write to alert the Court to a recent development that moots some of the claims made by plaintiff Marcus Lemonis – the counts seeking recovery of A. Stein's Brooklyn Burger trademarks (the "Trademarks").  We respectfully suggest that the claims should be dismissed as moot.  The remaining claims, seeking damages, are not mooted.  Our pending motion to dismiss remains valid and pending against those claims.

The Trademarks (and other assets of A. Stein) were subject to a security interest in favor of A. Stein's secured lender, FCC LLC d/b/a First Capital ("First Capital").  The loan and security interest both pre-date the events at issue in this litigation.  A. Stein defaulted on its loan and First Capital foreclosed on the secured assets, including the Trademarks, on or around October 17, 2014.

We understand that First Capital sold the foreclosed assets (including the Trademarks) to Hercules Food Corp on or around the same date as the foreclosure.  Hercules is an affiliate of defendant King Solomon Foods.  The proceeds of the sale were paid to First

Hon. Dora L. Irizzary
United States District Judge
United States District Court
October 29, 2014
Page 2



BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP

Capital. Neither A. Stein nor its shareholders received any amounts from the foreclosure or the sale.

A. Stein has ceased operations. The only remaining activity of A. Stein is a continuing effort to collect its outstanding accounts receivables. Those receivables are subject to First Capital's security interest and all amounts collected will be used to pay down A. Stein's substantial secured debt to First Capital. The collections activity in itself should cease in a few weeks, after which A. Stein will be functionally defunct.

The plaintiff asserts claims against the A. Stein Defendants for (i) recovery of the Trademarks and (ii) damages. (The plaintiff also asserts a tortious interference claim against King Solomon, seeking damages.) First Capital's foreclosure and sale of the Trademarks to Hercules moots the claims seeking recovery of the Trademarks: Count I, for specific performance of the alleged oral contract to sell the Trademarks to the plaintiffs; Count II, for an injunction preventing the transfer of the trademarks; and the portion of Count III asserting replevin and seeking possession of the Trademarks. Those counts should be dismissed as moot.

(We note that while the plaintiff included a request for an injunction as a count in his complaint, the plaintiff never sought any preliminary restraint by motion, order to show cause, or otherwise, and the Court never issued one.)

Our pending motion to dismiss, filed against all claims, remains valid and pending against the claims which seek damages. To the extent the Court takes the view that the claims seeking recovery of the Trademarks have not been mooted, the motion would remain pending against all claims.

Respectfully,

Jordan Stern

cc: Justin Kattan, Esq.
Jonathan Freiberger, Esq.