

| | | | |
|---|---|---|---|
| | **Justin N. Kattan**<br>Partner | justin.kattan@dentons.com<br>D  +1 212 768 6923<br><br>Dentons US LLP<br>1221 Avenue of the Americas<br>New York, NY 10020-1089 USA<br><br>T  +1 212 768 6700<br>F  +1 212 768 6800 | Salans FMC SNR Denton<br>dentons.com |

November 3, 2014

**Via ECF**

Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Lemonis v. A. Stein Meat Products, Inc. 1:14-cv-03073 (DLI) (RLM)

Dear Judge Irizarry:

      We represent Plaintiff Marcus Lemonis ("Plaintiff") in the above-captioned matter, and we write in response to the October 29, 2014 letter-motion filed by Defendants A. Stein Meat Products Inc., Howard Mora, and Alan Buxbaum (the "A. Stein Defendants") (Doc. 30).

      Plaintiff objects that the A. Stein Defendants have improperly made what amounts to a dispositive letter-motion (which is not permitted under Local Civil Rule 7.1) without proffering any kind of sworn statement, documentary evidence or any other proof.  Both this Court and Plaintiff are entitled to receive something more than Defendants' counsel's say-so before any portion of Plaintiff's case is dismissed. The unsupported request for final relief is particularly troubling given that, in May, Defendant King Solomon similarly asked Plaintiff to dismiss it as a defendant based solely on its counsel's representation that King Solomon was *not* seeking to acquire the Brooklyn Burger brand, which obviously has turned out to be untrue.

      Rather than summarily dismiss Plaintiff's claims, Plaintiff respectfully suggests that it would now be appropriate to commence discovery, at a minimum into the alleged transaction described in the A. Stein Defendants' recent letter.  Such discovery will be critical in assessing not only whether certain of Plaintiff's claims may in fact be moot, but also whether Plaintiff is now entitled to add new claims or potential new parties (*i.e.*, FCC LLC d/b/a/ First Capital or Hercules Food Corp.) to this action. Moreover, given that all of the parties to this purported new transaction were well aware of Plaintiff's interest in Brooklyn Burger, the transaction may well be void *ab initio*. *Denney v. BDO Seidman, L.L.P.*, 412 F.3d 58, 68 (2d Cir. 2005).

      Accordingly, Plaintiff respectfully submits that the A. Stein Defendants' improper letter-motion to dismiss certain of Plaintiff's claims as moot should be denied.  We are of course prepared to discuss this matter further with the Court at its convenience.

                                 Respectfully,

                                 Justin N. Kattan



Honorable Dora L. Irizarry
United States District Court
November 3, 2014
Page 2

Salans FMC SNR Denton
dentons.com

cc:  Jordan E. Stern, Esq.
     Jonathan H. Freiberger, Esq.

83280544\V-1