## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

MARCUS LEMONIS,

        Plaintiff,

   v.

A. STEIN MEAT PRODUCTS INC.,
HOWARD MORA, ALAN BUXBAUM,
And KING SOLOMON FOODS, INC.,

        Defendants.

Index No. 14-cv-03073 (DLI) (RLM)

## THE A. STEIN DEFENDANTS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF THEIR MOTION TO DISMISS

BECKER, GLYNN, MUFFLY, CHASSIN AND HOSINSKI LLP

299 PARK AVENUE

NEW YORK, NEW YORK 10171

(212) 888-3033

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

SUPPLEMENTAL FACTS ..................................................................................................... 2

ARGUMENT ........................................................................................................................... 4

I.   THE PLAINTIFF'S CLAIMS SEEKING POSSESSION OF
     THE TRADEMARKS SHOULD BE DISMISSED AS MOOT
     BECAUSE THE A. STEIN DEFENDANTS NO LONGER
     OWN THE TRADEMARKS ...................................................................................... 4

II.  THE PLAINTIFF IS NOT ENTITLED TO DISCOVERY INTO
     THE FORECLOSURE TRANSACTION .................................................................. 5

     A.   Discovery Would Not Reveal Any Information that Would
          Prevent Dismissal of the Mooted Claims ........................................................ 5

     B.   The Plaintiff Has Not Shown that "Good Cause" Requires
          Discovery of Information Concerning Unasserted Claims,
          Nor Can He ...................................................................................................... 7

CONCLUSION ........................................................................................................................ 9

## **TABLE OF AUTHORITIES**

**Cases** **Page**

*Guan Ming Lin v. Benihana Nat'l Corp.*,
    2010 WL 4007282 (S.D.N.Y. Oct. 5, 2010) .......................................................................... 7, 8

*Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*,
    297 F.R.D. 69 (S.D.N.Y. 2013) ............................................................................................. 5, 6

*Josie-Delerme v. Am. Gen. Fin. Corp.*,
    2009 WL 497609 (E.D.N.Y. Feb. 26, 2009) ............................................................................. 5

*Rivera v. Heyman*,
    1997 WL 86394 (S.D.N.Y. Feb. 27, 1997) ............................................................................... 6

*Sheehan v. Metro. Life Ins. Co.*,
    2002 WL 1424592 (S.D.N.Y. June 28, 2002) .......................................................................... 8

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*,
    206 F.R.D. 367 (S.D.N.Y. 2002) ......................................................................................... 6, 7

**Statutes**

FED. R. CIV. P. 26 ............................................................................................................................ 7, 8

A. Stein and its principals, Mora and Buxbaum (collectively, the "A. Stein Defendants"), submit this supplemental memorandum of law in further support of their motion to dismiss the Plaintiff's claims against them.[1] The A. Stein Defendants submit this supplemental memorandum of law pursuant to the Court's order dated November 5, 2014. This memorandum is supported by the declarations of Howard Mora ("Mora Decl."), dated December 4, 2014, and of Alan Buxbaum ("Buxbaum Decl.") and Michelle Mufich ("Mufich Supp. Decl."), each dated December 5, 2014. This memorandum is also supported by the declaration of Michelle Mufich, dated June 24, 2014 ("Mufich Decl."), previously submitted in connection with this motion.

## PRELIMINARY STATEMENT

Our opening and reply briefs showed that the Plaintiff's so-called "oral contract" for the sale of the Brooklyn Burger trademarks fails under both the Lanham Act and the New York Statute of Frauds, and that each of his other claims (for conversion, replevin, an injunction, and unjust enrichment) are similarly barred as a matter of law. These arguments in support of our motion to dismiss remain valid and pending against all claims asserted against the A. Stein Defendants.

Subsequent events provide yet another reason to dismiss the three claims that seek specific performance of the purported oral contract: A. Stein no longer owns the Trademarks. A. Stein's secured lender, First Capital, had a security interest in the Trademarks pursuant to a 2012 security agreement. First Capital foreclosed on A. Stein's property, including the Trademarks, because A. Stein, facing severe financial instability (of which the Plaintiff was well aware), was in default. First Capital foreclosed on October 14, 2014 and subsequently sold the Trademarks to Hercules Food Corp. ("Hercules").

---

[1] Previously-defined capitalized terms have the same definitions used in the defendants' opening memorandum of law, dated June 24, 2014.

The A. Stein Defendants did not receive any proceeds from the sale or even participate in it—the transaction was exclusively between First Capital and Hercules.

In **Section I**, we show that each of the Plaintiff's three claims (for specific performance of the purported oral contract, an injunction, and replevin/conversion) seeking possession of the Trademarks from A. Stein must be dismissed as moot as a result of the foreclosure sale.

The Plaintiff requested discovery into the sale in his response to our letter notifying the Court of the foreclosure sale. The Plaintiff purportedly seeks discovery to determine whether his claims were mooted, as well as to determine whether he can add new claims or potential new parties. In **Section II**, we show that the Plaintiff is not entitled to discovery into the foreclosure sale. *First*, the discovery would not reveal any information that would prevent dismissal of the mooted claims. *Second*, the Plaintiff cannot show, as he must, that he has good cause to obtain discovery into potential new claims the Plaintiff apparently now seeks to assert.

## SUPPLEMENTAL FACTS

First Capital was A. Stein's secured lender. *See* Mufich Decl. Ex. C; Buxbaum Decl. ¶ 2; Mora Decl. ¶ 2. First Capital granted A. Stein a credit facility in exchange for a security interest in its Trademarks, among other property. *See* Mufich Decl. Ex. C at 2; Buxbaum Decl. ¶ 2; Mora Decl. ¶ 2. A. Stein granted First Capital that security interest pursuant to a Patent and Trademark Security Agreement on November 12, 2012. Mufich Decl. Ex. C at 2 § 1, 2 and Ex. B. First Capital's security interest in the Trademarks was fully disclosed and publicly filed on the USPTO website. *See* Mufich Decl. Ex. C. The Plaintiff's own allegations show that he was well aware of First Capital's security interest and A. Stein's financial problems. *See* Cmpl. ¶¶ 17-20. Indeed, the Plaintiff alleges that he only consulted with the "struggling" A. Stein Defendants to turn around the "failing business." Cmpl. ¶ 17. The Plaintiff also alleges that his

2

audit of A. Stein's financial information revealed that A. Stein "had over $7.8 million in debt." Cmpl. ¶ 20.

A. Stein was unable to meet its payment obligations and eventually defaulted on its debt to First Capital.  Buxbaum Decl. ¶ 3; Mora Decl. ¶ 3.  First Capital foreclosed on all secured assets, including the Trademarks, on or around October 14, 2014.  Buxbaum Decl. ¶ 4; Mora Decl. ¶ 4.

We understand that First Capital sold the foreclosed assets to Hercules on or around the same date as the foreclosure pursuant to its rights as a secured lender under Section 9-610 of the Uniform Commercial Code.  *See* Mufich Supp. Decl. Ex. B (bill of sale); *see also id*. ex. A (transfer statement publicly filed with the USPTO).  The transferred assets include the "Brooklyn Burger" name and logo—the Trademarks.  *See id.* ex. A at Schedule D.1. (transfer statement). The transfer statement and bill of sale conclusively show that A. Stein no longer owns the Trademarks.

The A. Stein Defendants received no proceeds from the sale.  Mora Decl. ¶ 5; Buxbaum Decl. ¶ 5.  The foreclosure and sale were neither the A. Stein Defendants' choice nor their act:  it was First Capital's decision to foreclose, and it was First Capital decision to sell the Trademarks to Hercules.  Mora Decl. ¶ 6; Buxbaum Decl. ¶ 6.  Indeed, A. Stein was not even a party to the foreclosure sale contract.  Mora Decl. ¶ 7; Buxbaum Decl. ¶ 7.[2]

---

[2] Nor do the A. Stein Defendants even have a copy of that sale contract.  Mora Decl. ¶ 7; Buxbaum Decl. ¶ 7. We asked First Capital and Hercules to provide us with that contract in connection with preparing this supplemental memorandum.  Mufich Supp. Decl. ¶ 3.  We requested the sale contract because we anticipated that the Plaintiff would make a lot of (baseless) noise if it was not provided—despite the fact that the bill of sale and transfer statement conclusively show that A. Stein no longer owns the Trademarks.  *Id.*  First Capital and Hercules provided us with a copy of the bill of sale but were reluctant to provide the sale contract.  Mufich Supp. Decl. ¶ 4.  First Capital and Hercules were reluctant to provide the sale contract, they explained to us, because that contract concerns substantial confidential matters between First Capital and Hercules other than the Trademarks, including the transfer of other assets and ongoing rights and obligations between the parties.  Those other matters, of course, are irrelevant to the issues in dispute in this litigation.  Mufich Supp. Decl. ¶ 4.

A. Stein ceased operations following the foreclosure. Mora Decl. ¶ 8; Buxbaum Decl. ¶ 8. The only remaining activity of A. Stein is a continuing effort to collect its outstanding accounts receivables. Mora Decl. ¶ 8; Buxbaum Decl. ¶ 8. Those receivables are similarly subject to First Capital's security interest; all amounts collected will be used to pay down A. Stein's substantial secured debt to First Capital. Mora Decl. ¶ 8; Buxbaum Decl. ¶ 8. The collections activity will soon cease and A. Stein is now functionally defunct. Mora Decl. ¶ 8; Buxbaum Decl. ¶ 8.

## ARGUMENT

**I.  THE PLAINTIFF'S CLAIMS SEEKING POSSESSION OF THE TRADEMARKS SHOULD BE DISMISSED AS MOOT BECAUSE THE A. STEIN DEFENDANTS NO LONGER OWN THE TRADEMARKS.**

Three of the Plaintiff's claims seek recovery of the Trademarks from A. Stein: Count I, for specific performance of the alleged oral contract to sell the Trademarks to the Plaintiff; Count II, for an injunction preventing the transfer of the trademarks; and the portion of Count III asserting replevin and seeking possession of the Trademarks (collectively, the "Claims").

As an initial matter, the Claims should be dismissed outright for the reasons set forth in our principal briefing.

The Claims should also be dismissed as moot because A. Stein no longer owns the Trademarks. First Capital foreclosed on A. Stein's secured assets, including the Trademarks, on October 14, 2014. Mora Decl. ¶ 4; Buxbaum Decl. ¶ 4. First Capital sold the Trademarks to Hercules. Mufich Supp. Decl. Exs A and B; Mora Decl. ¶ 4; Buxbaum Decl. ¶ 4. A. Stein no longer owns the Trademarks, so it cannot transfer ownership of the Trademarks to the Plaintiff. The Claims seeking possession of the Trademarks are now moot and must be dismissed.

## II. THE PLAINTIFF IS NOT ENTITLED TO DISCOVERY INTO THE FORECLOSURE TRANSACTION.

The Plaintiff requested discovery into the foreclosure sale in his November 3, 2014 letter to the Court. The Plaintiff purportedly seeks discovery to determine whether his claims are mooted, as well as to determine whether he can add new claims or potential new parties. But his discovery request is improper and should be denied.

### A. Discovery Would Not Reveal Any Information that Would Prevent Dismissal of the Mooted Claims.

The Plaintiff's request for discovery into the sale should be denied because it would not reveal any information that would prevent dismissal of the mooted Claims.

Federal courts will not allow discovery to proceed while a motion to dismiss is pending as long as there is "good cause" to deny the discovery. *See Josie-Delerme v. Am. Gen. Fin. Corp.*, 2009 WL 497609, at *1-2 (E.D.N.Y. Feb. 26, 2009); *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (granting motion to stay discovery).

Courts analyze the following factors when determining whether there is "good cause" to deny discovery: (1) "whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious;" (2) "the breadth of discovery and the burden of responding to it;" and (3) the risk of "unfair prejudice" to the opposing party. *See Josie-Delerme*, 2009 WL 497609, at *1-2; *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72.

The A. Stein Defendants meet all three factors here.

*First,* the A. Stein Defendants have made a strong showing that the Plaintiff's claims fail as a matter of law for a number of reasons—particularly the Lanham Act and the New York Statute of Frauds, in addition to mootness. Courts typically find that a defendant has made a

"strong showing" where defendants file a motion to dismiss that could "dispose of many of the issues in this case, if not the entire action." *Hong Leong Fin. Ltd. (Singapore)*, 297 F.R.D. at 72-73; *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) (denying discovery because defendants were "about to file a motion which could well dispose of many of the issues in this case, if not the entire action.").

The A. Stein Defendants have moved to dismiss every single claim asserted against them on a number of grounds. The strength of the A. Stein Defendants' motion to dismiss firmly weighs against granting the Plaintiff's request for pointless discovery.

*Second,* there is good cause to deny the Plaintiff's request for discovery while the dispositive motion is pending because it would impose an undue burden on the A. Stein Defendants. Discovery poses an undue burden when it would "unnecessarily drain the parties' resources"—which is particularly the case when a motion to dismiss that could dispose of the entire case is pending. *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery because "proceeding with discovery while the motion to dismiss is pending would unnecessarily drain the parties' resources").

That is the case here. A. Stein is functionally defunct and has no further resources. Mora Decl. ¶ 8; Buxbaum Decl. ¶ 8. Mora and Buxbaum themselves have limited resources. Mora Decl. ¶ 9; Buxbaum Decl. ¶ 9. A. Stein was their livelihood. Mora Decl. ¶ 9; Buxbaum Decl. ¶ 9. With the company defunct, their personal finances are strained as it is. Mora Decl. ¶ 9; Bubaum Decl. ¶ 9. Adding the additional costs of discovery or further litigation that may well be moot will only drain their resources further. Mora Decl. ¶ 9; Buxbaum Decl. ¶ 9 Discovery

should be denied at this juncture, with our motion to dismiss pending, because that discovery may be moot and would unnecessarily drain the parties' resources.

**Third,** there is good cause to deny the Plaintiff's request for discovery because the Plaintiff would not suffer unfair prejudice. The Plaintiff cannot make any case for urgency here. The Plaintiff will receive all the discovery to which he is entitled if our motion to dismiss is denied; no discovery is necessary if all claims are dismissed—particularly under the Lanham Act and New York Statute of Frauds arguments asserted in our principal briefing. As courts have held, denial of discovery pending a motion to dismiss that "potentially eliminates the entire action will neither substantially nor unduly delay the action". *Spencer Trask Software*, 206 F.R.D. at 368.

    B. <u>The Plaintiff Has Not Shown that "Good Cause" Requires Discovery of Information Concerning Unasserted Claims, Nor Can He.</u>

The Plaintiff has similarly not shown that good cause requires discovery of information concerning unasserted claims against the A. Stein Defendants or third parties. Nor can he.

The scope of discovery pursuant to FED. R. CIV. P. 26 only extends to material relevant to any party's *existing* claims or defenses. *See Guan Ming Lin v. Benihana Nat'l Corp.*, 2010 WL 4007282, at *3 (S.D.N.Y. Oct. 5, 2010) (granting protective order quashing notice of deposition because questions seeking to determine whether to assert new, individual claims against deponent were "not an appropriate topic for discovery."); FED. R. CIV. P. 26(b)(1); 2000 Advisory Committee Note to FED. R. CIV. P. 26(b)(1) ("The rule change . . . signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.").

Information concerning unasserted claims is "not within the typical scope of discovery" and can only be obtained upon a showing of "good cause". *Guan Ming Lin*, 2010 WL 4007282,

7

at *3; FED. R. CIV. P. 26(b)(1). The Plaintiff cannot show that "good cause" exists for discovery into unasserted claims against the A. Stein Defendants for the reasons set forth *infra* at 5-7.

The Plaintiff similarly cannot show that "good cause" exists for discovery into new claims against non-parties. *Guan Ming Lin* is instructive. In *Guan Ming Lin*, the defendant sought to quash a notice of deposition served on a corporate executive, then a non-party. 2010 WL 4007282, at *3. The plaintiffs sought the deposition to determine whether to amend their complaint and name the executive as a defendant—just as the Plaintiff here seeks discovery to determine whether to assert new claim against new parties. The court quashed the deposition notice because the discovery was not relevant to the plaintiffs' existing claims. The court explained that the plaintiffs "failed to state any reason why their prosecution of this lawsuit would be negatively affected by their inability to depose" the executive. *See id.*; *see also Sheehan v. Metro. Life Ins. Co.*, 2002 WL 1424592, at *2 n.1 (S.D.N.Y. June 28, 2002) (denying plaintiff's request for discovery on a potential claim).

For the same reasons, here, the Plaintiff's request for discovery into new claims against new parties should be denied.

## CONCLUSION

The A. Stein Defendants respectfully request that the Court grant this motion to dismiss for the reasons set forth in the opening brief, the reply brief, and herein.

Dated: New York, New York
December 5, 2014

>Respectfully submitted,
>BECKER, GLYNN, MUFFLY, CHASSIN
>& HOSINSKI LLP
>
>By: _____
>Jordan E. Stern
>Michelle R. Mufich
>299 Park Avenue
>New York, NY 10171
>
>*Attorneys for defendants A. Stein Meat Products Inc., Howard Mora, and Alan Buxbaum*