UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARCUS LEMONIS,

        Plaintiff,

    v.

A. STEIN MEAT PRODUCTS INC.,
HOWARD MORA, ALAN BUXBAUM,
And KING SOLOMON FOODS, INC.,

        Defendants.

Index No. 14-cv-03073 (DLI) (RLM)

## DECLARATION OF ALAN BUXBAUM

Alan Buxbaum declares pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that the following is true and correct:

1. I own 50% of the shares of A. Stein Meat Products Inc. ("A. Stein"); co-owner Howard Mora owns the remaining 50%. I submit this declaration to assemble facts in support of A. Stein, Howard Mora, and my (collectively, the "A. Stein Defendants") contention that certain claims asserted against the A. Stein Defendants are moot.

2. FCC, LLC, d/b/a First Capital ("First Capital") was A. Stein's secured lender. First Capital granted A. Stein a credit facility in exchange for a security interest in A. Stein's trademarks, among other property. A. Stein granted First Capital that security interest in its two Brooklyn Burger trademarks (the "Trademarks") pursuant to a Patent and Trademark Security Agreement dated November 12, 2012.

3. A. Stein long suffered severe financial instability. A. Stein was eventually unable to meet its payment obligations to First Capital due to its financial problems and defaulted on its debt.

4. First Capital foreclosed on all secured assets, including the Trademarks, on or around October 14, 2014. I understand that First Capital subsequently sold the foreclosed assets, including the Trademarks, to Hercules Food Corporation ("Hercules").

5. Neither I, A. Stein, nor any party associated with A. Stein received any proceeds from the foreclosure or the sale.

6. It was neither my nor A. Stein's decision to (i) foreclose on the Trademarks or (ii) sell the Trademarks to Hercules. The decision to foreclose and sell the Trademarks was First Capital's alone.

7. I did not sign the foreclosure sale agreement on behalf of A. Stein. Nor did co-owner Howard Mora or any other A. Stein representative. A. Stein did not even receive a copy of the foreclosure sale contract.

8. A. Stein ceased operations after First Capital foreclosed on its secured assets. The only remaining activity of A. Stein is a continuing effort to collect its outstanding accounts receivables—which are similarly subject to First Capital's security interest. All amounts collected will be used to pay down A. Stein's substantial secured debt to First Capital. The collections activity will soon cease and A. Stein is now functionally defunct.

9. A. Stein was my livelihood. Since A. Stein closed its doors, my financial situation has become quite strained and will continue to be so for the foreseeable future. The costs of litigation alone are a burden already.

Dated: December 5, 2014
      New York, New York

                                                _____
                                                    Alan Buxbaum