# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCUS LEMONIS,<br><br>        Plaintiff,<br><br>    v.<br><br>A. STEIN MEAT PRODUCTS INC.,<br>HOWARD MORA, ALAN BUXBAUM<br>and KING SOLOMON FOODS, INC.,<br><br>        Defendants. | No. 1:14-cv-03073 (DLI) (RLM)<br><br>**Oral Argument Requested** |

## MEMORANDUM OF LAW IN OPPOSITION TO THE STEIN MEATS DEFENDANTS' SUPPLEMENTAL SUBMISSION IN SUPPORT OF THEIR MOTION TO DISMISS

Justin N. Kattan
Lisa A. Gilbreath
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700 (phone)
(212) 768-6800 (fax)
justin.kattan@dentons.com
lisa.gilbreath@dentons.com

*Attorneys for Plaintiff Marcus Lemonis*

December 23, 2014

Plaintiff Marcus Lemonis ("Lemonis" or "Plaintiff"), by and through his undersigned counsel, hereby submits this Memorandum of Law in Opposition to the A. Stein Defendants' Supplemental Submission In Support of Their Motion to Dismiss ("Supplemental Submission").[1]

## ARGUMENT

The Stein Meat Defendants' Supplemental Submission does not justify dismissing Plaintiff's breach of contract or conversion causes of action for two reasons[2]: First, even if specific performance is no longer a practical remedy—a fact Plaintiff does not concede—since the Complaint otherwise states valid causes of action for breach of contract and conversion, this Court may award money damages in the place of equitable relief; Second, the Stein Meat Defendants' carefully-worded submission is so short on detail concerning the transaction by which Brooklyn Burger was purportedly sold, Plaintiff is entitled to discovery in order to determine whether specific performance of his contract to buy Brooklyn Burger is in fact possible. We address each argument in turn.

### I. PLAINTIFF STATES A CLAIM FOR BREACH OF CONTRACT AND CONVERSION EVEN IF SPECIFIC PERFORMANCE IS ULTIMATELY UNAVAILABLE

For all of the reasons set forth in Plaintiff's opposition to Defendants' motion to dismiss, Plaintiff's Complaint states valid causes of action for breach of contract and conversion. Therefore, assuming, *arguendo*, that specific performance is no longer a practicable remedy, Plaintiff should be permitted to proceed with its claims, as this Court can award damages in lieu of the originally-requested equitable remedy. *Lusker v. Tannen*, 90 A.D.2d 118, 125, 456 N.Y.S.2d 354, 358 (1st Dep't 1982) (stating that while the conveyance of the premises sought in

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the same meaning as in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion To Dismiss, filed on July 29, 2014.

[2] Plaintiff agrees that its second cause of action, for a permanent injunction, is moot.

a specific performance action "renders academic plaintiff's request for injunctive relief," and that specific performance "is no longer available," the court may award damages instead); *Margel v. Edison Realty Corp.*, 282 A.D. 954, 954, 125 N.Y.S.2d 810, 811 (2d Dep't 1953) (a court of equity may retain an action for specific performance, even after specific performance has been rendered impossible, and award monetary damages); *see also Ace Sec. Corp. Home Equity Loan Trust, Series 2007-HE3 ex rel. HSBC Bank USA, Nat. Ass'n v. DB Structured Prods., Inc.*, 5 F.Supp. 3d 543, 551, 554-55 (S.D.N.Y. 2014) (permitting breach of contract claim for monetary damages where specific performance was impossible, despite contractual "sole remedy" provisions limiting relief to specific performance).

The Complaint specifically requests monetary damages as an alternative remedy in its third, fourth and fifth causes of action. *See* Complaint, pp. 11-14 (seeking "no less than $190,000 in damages, exclusive of pre- and post-judgment interest"). The fact that there is no specific demand for damages in the first cause of action is of no moment. Yet even if the Complaint made no demand for monetary damages whatsoever, dismissal of Plaintiff's contract claim is inappropriate since the Complaint contains all of the facts necessary to establish a legal remedy. *Doctor v. Reiss*, 180 A.D. 62, 63-64, 167 N.Y.S. 193, 193-94 (1st Dep't 1917) (reversing dismissal of a complaint for specific performance); *see also Lusker*, 90 A.D.2d at 125, 456 N.Y.S.2d at 358; *Margel*, 282 A.D. at 954, 125 N.Y.S.2d at 811. Because the Complaint "contains all the facts necessary in an action at law, the proper practice is not to dismiss the complaint." *Doctor*, 180 A.D. at 63-64, 167 N.Y.S. at 193-94.[3]

---

[3] As an alternative, Lemonis should be permitted to amend his Complaint to include a specific request for damages in his contract claim. *Heinold Commodities, Inc. v. New York Mercantile Exch.*, 78 F.R.D. 190, 192 (S.D.N.Y. 1978) (granting the plaintiff's motion for leave to amend its complaint, which sought only injunctive and declaratory relief, to include damages); *Miteva v. Third Point Mgmt. Co., L.L.C.*, 219 F.R.D. 64, 65 (S.D.N.Y. 2003).

83570238

2

## II. LEMONIS IS ENTITLED TO DISCOVERY TO DETERMINE WHETHER SPECIFIC PERFORMANCE IS IN FACT POSSIBLE

The Stein Meats Defendants' evidentiary proffer—which astoundingly does not include the contract of sale, despite its being within the control of at least one of the Defendants—is nowhere near sufficient either to prove that Plaintiff's contract claim is "moot," or to foreclose the need for discovery into the alleged transaction at issue, as it leaves several questions unanswered. Mora and Buxbaum's Declarations merely state that Stein Meat did not "receive any proceeds" from the alleged sale of Brooklyn Burger. (Buxbaum Dec., ¶5; Mora Dec., ¶5). That averment, however, does not foreclose the possibility that Mora, Buxbaum and/or Stein Meat received some other form of consideration, including but not limited to an interest in Hercules, the new entity that purportedly acquired Brooklyn Burger, that would afford them a measure of control that would make it possible for them to relinquish that brand to Lemonis if he prevails on his breach of contract claim. The Supplemental Submission is likewise silent as to: what specifically triggered the foreclosure; what negotiations between the Stein Meats Defendants, Defendant King Solomon, and/or First Capital led up to the foreclosure; whether those negotiations considered Lemonis' interests in and to Brooklyn Burger; as well as whether and to what extent the Stein Meat Defendants were given an interest in either Hercules or Brooklyn Burger.

While the Stein Meat Defendants try to pass these issues off as relevant solely to potential new causes of action that Lemonis might assert, they bear directly upon Lemonis' existing claims. If, for example, the Stein Meat Defendants have retained some measure of control over Brooklyn Burger, either through an interest in Hercules or otherwise, then performance of Lemonis' agreement to acquire the brand may still be possible. Moreover, the Stein Meat Defendants ignore the fact that Defendant King Solomon controls Hercules. If the

evidence gleaned during discovery shows that the transaction by which it acquired Brooklyn Burger was effectuated to deliberately and wrongfully compromise Lemonis' interests—not a far-fetched notion given that both King Solomon and First Capital were well aware of Lemonis' interest in Brooklyn Burger, and tried to get Lemonis to relinquish his interest in the brand prior to this lawsuit (*see* Complaint, ¶¶57-61; Exhibit A to the July 29, 2014 Declaration of Lisa Gilbreath)—then the transaction could be void *ab initio*, and specific performance would still be an available remedy. *See Vesey Assocs., Inc. v. Levine*, 31 A.D.2d 611, 295 N.Y.S.2d 514 (1st Dep't 1968); *Northern Operating Corp. v. Anopol*, 25 A.D.2d 551, 267 N.Y.S.2d 539, 540 (2d Dep't 1966). While the Stein Meat Defendants' October 30, 2014 letter to the Court acknowledged King Solomon's interest in Hercules, they apparently hoped that the Court would forget the nature of that relationship and omitted that fact from their sworn proffer. Even if Lemonis may ultimately have to join additional parties in order to effectuate the performance of the contract, that does not somehow require dismissal of his contract claim at the pleadings stage. *See Northern Operating Corp.*, 25 A.D.2d at 551, 267 N.Y.S.2d at 540 (denying summary judgment where plaintiff "should be afforded the opportunity to join the subsequent vendees as parties… after which, if there be proof that they had notice of the prior contract and plaintiff's rights thereunder, the conveyances might be vacated and specific performance granted").

Courts in this Circuit are properly circumspect when assessing motions to dismiss based on factual matters outside the four corners of a complaint when the plaintiff has not had the chance to conduct appropriate discovery. *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000) (vacating dismissal where district court relied on defendants' factual contention contained in a declaration in support of their motion to dismiss without permitting discovery); *see also Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (vacating dismissal

83570238

4

based on facts asserted in the defendant's moving papers and remanding "so that Plaintiff may have an opportunity, ***with appropriate discovery***, to contest" the defendant's assertions) (emphasis added).  This case illustrates precisely why.  The Stein Meat Defendants are essentially hoping to cut off Lemonis' claims while proffering evidence that is barely a step up from the "take my word for it" approach of their October 30, 2014 letter.  Unlike in *Spencer Trask Software & Information Services, LLC v. RPost International Ltd.*, 206 F.R.D. 367 (S.D.N.Y. 2002), cited by the Stein Meat Defendants, where discovery was deemed unnecessary because the defendants' motion to dismiss was solely "[b]ased on the face of the complaint," here, the Stein Meats Defendants urge this Court to dismiss based on facts that are wholly *outside* the four corners of the Complaint, and more importantly remain within the exclusive control of the Defendants.  Under these circumstances, the prejudice to Lemonis if his contract claim is dismissed prior to discovery is readily apparent.

   The Stein Meat Defendants' argument that discovery should be stayed pending the motion to dismiss is a red herring.  The Stein Meat Defendants have already had their opportunity to present evidence that Lemonis' specific performance claim is "moot," and they have failed to carry their burden.  At this point, the motion to dismiss should simply be denied, and discovery as to all issues relevant to this action should commence.

## **CONCLUSION**

For the foregoing reasons, as well as those discussed in Plaintiff's Memorandum of Law In Opposition to the Motions to Dismiss, this Court should deny Defendants' Motions to Dismiss, and award Lemonis such other and further relief as the Court deems just and proper.

Dated:  December 23, 2014
New York, New York

                                          DENTONS US LLP

                                          By: /s/ Justin N. Kattan
                                                 Justin N. Kattan
                                                 Lisa A. Gilbreath

                                        1221 Avenue of the Americas
                                        New York, New York 10020
                                        (212) 768-6700 (phone)
                                        (212) 768-6800 (fax)
                                        justin.kattan@dentons.com
                                        lisa.gilbreath@dentons.com

                                        *Attorneys for Plaintiff*